IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

MERL D. REXFORD,

    Plaintiff,

v.                                             Case No. 6:15-cv-01397-JTM

HERMAN L. LOEB, LLC,

    Defendant.

**MEMORANDUM AND ORDER**

This matter is before the court on defendant's motion for judgment on the pleadings (Dkt. 8) and plaintiff's motion to amend the complaint (Dkt. 15). The latter motion includes an alternative request to voluntarily dismiss the action. For the reasons set forth herein, the court concludes that the action should be dismissed without prejudice.

**I. Background**

Plaintiff filed this action in Meade County, Kansas. The petition alleged that plaintiff Merl Rexford owns and farms property in Meade County. A particular quarter-section of property was identified. Dkt. 1-1 at ¶5. Defendant holds an oil and gas lease on the property. *Id.* at ¶6. On April 8, 2014, according to the petition, Herman Loeb advised plaintiff that he would be conducting seismic operations on the property in a search for oil and gas. Plaintiff asked Loeb to delay until after the existing corn crop was harvested, but Loeb allegedly went ahead with the seismic exploration, which "resulted

in damage to the land and destruction of [the] corn crop...." *Id*. at ¶¶ 7-10. Count 1 alleges that defendant intentionally and willfully entered on plaintiff's property and caused damage "in the form of soil compaction and destruction of existing corn crops." ¶ 12. Count 2 alleges the tort of outrage (intentional infliction of emotion distress).

Defendant removed the case to this court, asserting federal diversity jurisdiction. It then filed an answer, followed by a motion for judgment on the pleadings or, alternatively, for summary judgment. Dkt. 8. It alleged that plaintiff was not the owner of the real property and lacked standing to bring the claims. Dkt. 9 at 6. Defendant also asserted that it "did not conduct any exploration activities, let alone seismic operations, upon the Subject Lands." *Id*. Finally, defendant asserted that plaintiff's claim for the tort of outrage failed to state any particular facts to support a claim.

Plaintiff first responded by filing a motion to amend the complaint. Dkt. 15. In accordance with the local rules, plaintiff attached a copy of the proposed amended complaint. Dkt. 15-1. Among other things, the proposed complaint states that "Rexford Inc.," of which Merl Rexford is a shareholder and officer, is a Kansas corporation. Dkt. 15-1 at ¶ 1. It states that "Plaintiffs Merl D. Rexford and Rexford Inc. own real property and engage in farming operations in Meade County, Kansas." *Id*. at ¶ 4. Unlike the original complaint, the proposed complaint omits any description of the property. The proposed complaint would also assert the following three claims in place of the original claims: Count 1 – a "trespass resulting in destruction of property"; Count 2 - "outrageous and abusive conduct"; and Count 3 – "intentional private nuisance."

2

Plaintiff also filed a response to the motion for judgment on the pleadings, which asserted that the proposed amended complaint "answers the concerns raised by Defendant and clarifies the matters in controversy." Dkt. 17 at 1. Plaintiff also asserted in the response that, if the court were to deny the motion to amend the complaint, it should allow plaintiff to dismiss the complaint without prejudice. *Id*. at 7-8.

**II. Discussion**

Plaintiff's vague or inconsistent allegations make it difficult to address the issues. As near as the court can tell, plaintiff now concedes that Rexford Inc. rather than Merl Rexford owns the property which was allegedly damaged. Dkt. 16 at 1 ("As stated correctly by the Defendant … the real property … is owned by 'Rexfords [sic] Inc.'"). That being the case, Count 1 of plaintiff's initial complaint fails to state a valid claim for relief. Regardless of the fact that Merl Rexford may have an ownership interest in Rexford Inc., he has no standing to make a claim for economic damage suffered by the corporation. *See Lightner v. Lightner*, 46 Kan.App.2d 540, Syl. ¶ 3, 266 P.3d 539 (2011) ("Shareholders do not have standing to sue for harms to the corporation or even for the derivative harm to themselves that might arise from a … wrong to the corporation."). Count 2 likewise fails, both for the reason that Merl Rexford does not own the damaged property and because plaintiff has failed to allege any specific facts supporting the tort of outrage. The mere fact that an oil and gas lessee with a right to explore property may have refused a landowner's request to delay exploration, and may have thereby caused some damage to crops or to the surface of the property, does not show the type of extreme conduct that will support the tort of outrage. *See Valadez v. Emmis*

3

*Communications*, 290 Kan. 472, 229 P.3d 389 (2010) (the conduct "must be outrageous to the point that it goes beyond the bounds of decency and is utterly intolerable in a civilized society."). As such, plaintiff's initial complaint is subject to dismissal.

This brings the court to plaintiff's request to amend his complaint. Under the Rules of Civil Procedure, leave to amend a complaint should be given freely when justice so requires. Fed. R. Civ. P. 15(a)(2). A district court may refuse to allow amendment if it would be futile. *Anderson v. Suiters*, 499 F.3d 1228, 1238 (10th Cir. 2007). An amendment is futile if the complaint, as amended, would be subject to dismissal. *Id*. (citations omitted). In this instance, plaintiff seeks leave to amend the complaint but, if that request is denied, plaintiff seeks a voluntary dismissal under Rule 41.

Plaintiff's proposed amended complaint suffers from its own defects. As defendant points out, the proposed amendment seems to create more ambiguities than it resolves, as it removes the allegation that defendant holds an oil and gas lease on the affected property and also removes the legal description of the property, leaving it unclear what property is at issue. It also alleges that "Merl D. Rexford and Rexford Inc." own the property, despite the concession in plaintiff's brief that Rexford Inc. is the owner. Count 1 ("trespass resulting in destruction of property") does not explain whether defendant held an oil and gas lease on the property or, if it did, how its entry onto the property constituted a trespass. Assuming there is such a lease, the proposed complaint is silent on the terms of the lease with respect to the lessee's responsibility for damage to the land. Count 2 ("outrageous and abusive conduct") fails to state a valid claim for relief, as it is essentially a rehash of the insufficient allegations of the tort of

4

outrage in the initial complaint. Count 3, which alleges a nuisance, is unclear due to ambiguities about who owns the property, exactly what property is at issue, and the particular nature of the alleged nuisance. The proposed amended complaint is thus defective as well.

Despite these difficulties, the court is not persuaded – and defendant does not really argue -- that plaintiff could have no possible claim for damages. It is plausible that *if* defendant's exploration activities caused damage to the landowner's corn crop, the landowner *might* have a valid cause of action for those damages. *See e.g., Norton Farms, Inc. v. Anadarko Petroleum Corp.*, 32 Kan.App.2d 899, 908-09, 91 P.3d 1239, 1246 (2004) (lessee has implied right to make reasonable use of surface, but "[w]hen this use is overreached and becomes injurious to the lessors' agricultural pursuits, courts have displayed great willingness to step in and impose liability despite the lack of any express provision." [citation omitted]). Rather than try again to amend the complaint, however, plaintiff has asked to voluntarily dismiss the complaint without prejudice, and the court concludes that the request should be granted.

In these circumstances, the court may order dismissal "on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). Defendant argues that a dismissal should be conditioned upon a requirement that plaintiff refile any subsequent action in federal court and should be ordered to pay defendant's attorney's fees. The court declines to impose such conditions. Absent "legal prejudice" to a defendant, the court should normally grant a voluntary dismissal. *Ohlander v. Larson*, 114 F.3d 1531, 1537 (10th Cir. 1997). Relevant factors to consider include the extent of the other party's effort and

expense in preparing for trial, excessive delay and lack of diligence by the movant, insufficient explanation of the need for dismissal, and the present stage of the litigation. *Id*. This case is in the earliest stages of litigation, and the court is not persuaded that defendant will suffer any legal prejudice from a dismissal. *See Brown v. Baeke*, 413 F.3d 1121, 1123 (10th Cir. 2005) ("[p]rejudice does not arise simply because a second action … may be filed against the defendant."). Given all of the circumstances, the court concludes that a dismissal without any conditions is appropriate.

**IT IS THEREFORE ORDERED** this 16th day of May, 2016, that plaintiff's request for voluntary dismissal under Fed. R. Civ. P. 41(a)(2) is GRANTED. The action is hereby dismissed without prejudice. The pending motions (Dkts. 8, 16) are otherwise denied as moot.

        ___s/ J. Thomas Marten_____
        J. THOMAS MARTEN, JUDGE